

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 19, 2007

Mr. Erik A. Eriksson
General Counsel
Port of Houston Authority
P. O. Box 2562
Houston, Texas 77252-2562

OR2007-13737

Dear Mr. Eriksson:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 292267.

The Port of Houston Authority (the "port") received a request for five categories of information pertaining to commissioned branch pilots in Harris County.[1] We understand you to claim that the requested information is excepted from disclosure under section 552.101 of the Government Code. You state, and provide documentation showing, that you notified the Houston Pilots of the request for information and of its right to submit arguments explaining why the information concerning it should not be released. *See* Gov't Code § 552.305 (permitting interested third party to submit to attorney general why requested information should not be released); *see also* Open Records Decision No. 542 (1990) (determining that statutory predecessor to Gov't Code § 552.305 permits governmental body to rely on interested third party to raise and explain applicability of exception in certain circumstances). We have considered the exception you claim and the arguments submitted by counsel for the Houston Pilots. We have also considered comments submitted by the requestor. *See* Gov't Code § 552.304 (providing that interested party may submit comments stating why information should or should not be released).

---

[1]You inform us that the requestor clarified her request for information. *See* Gov't Code § 552.222(b) (governmental body may communicate with requestor for purposes of clarifying or narrowing request for information).

PLAINTIFF'S
EXHIBIT

7

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. This section encompasses information protected by other statutes, including federal law. *See English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990). On November 25, 2002, the President signed the Homeland Security Act ("HSA") and the Maritime Transportation Security Act ("MTSA"). The HSA created the Department of Homeland Security ("DHS") and transferred the Coast Guard and the Transportation Security Administration ("TSA"), a new agency created in the Department of Transportation the previous year to oversee the security of air travel, to DHS. *See* 6 U.S.C. §§ 111, 203, 468. The MTSA, among other things, added chapter 701 to title 46 of the United States Code, consisting of new provisions enhancing the security of seagoing vessels and port and harbor facilities. Under the MTSA, the Secretary of DHS is responsible for regulation of port security through the Coast Guard and the TSA, along with the Maritime Administration of the Department of Transportation.

In connection with the transfer of TSA to DHS, the HSA also transferred TSA's authority concerning sensitive security information ("SSI") under section 40119 of title 49 of the United States Code to section 114(s) of title 49 of the United States Code, and amended section 40119 to vest similar SSI authority in the Secretary of the Department of Transportation.[2] Section 114(s) of title 49 states:

> Notwithstanding [the Federal Freedom of Information Act (the "FOIA"),] the Under Secretary [for Transportation Security, head of TSA] shall prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security under authority of the Aviation and Transportation Security Act . . . if the Under Secretary decides disclosing the information would–
>
> (A) be an unwarranted invasion of personal privacy;
>
> (B) reveal a trade secret or privileged or confidential commercial or financial information; or
>
> (C) be detrimental to the security of transportation.

49 U.S.C. § 114(s). This provision requires the TSA's Under Secretary to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security under authority of the Aviation and Transportation Security Act." *Id.* It authorizes the Under Secretary to prescribe regulations that prohibit disclosure of information requested not only under the FOIA, but also under other disclosure statutes. *Cf. Public Citizen, Inc.v. Federal Aviation Administration*, 988 F.2d 186, 194 (D.C. Cir. 1993) (former

---

[2]This ruling does not construe the parallel federal statutes and regulations which apply to the Department of Transportation.

section 40119 authorized FAA Administrator to prescribe regulations prohibiting disclosure of information under other statutes as well as under the FOIA). Thus, the Under Secretary is authorized by section 114(s) to prescribe regulations that prohibit disclosure of information requested under chapter 552 of the Government Code.

Pursuant to the mandate and authority of section 114(s) of title 49, TSA published regulations found in title 49 of the Code of Federal Regulations which took effect June 17, 2004. *See* 69 Fed. Reg. 28066. Section 1520.1(a) of these regulations provides that the regulations govern the disclosure of records and information that TSA has determined to be SSI as defined in section 1520.5 of title 49 of the Code of Federal Regulations. 49 C.F.R. § 1520.1(a). Section 1520.5 defines SSI to include information obtained or developed in the conduct of security activities, including research and development, the disclosure of which TSA has determined would be detrimental to the security of transportation. *Id.* § 1520.5(a)(3).

Section 1520.5 lists sixteen categories of information that constitute SSI, including "[l]ists of the names or other identifying information that identify persons as . . . having unescorted access to . . . a secure or restricted area of a maritime facility, port area, or vessel[.]" *Id.* § 1520.5(b)(11)(i)(A). Section 1520.9 provides that those covered by the regulation, which, among others, includes the operator of a maritime facility required to have a security plan under the MTSA, "must [t]ake reasonable steps to safeguard SSI . . . from unauthorized disclosure[]" and must "[r]efer requests by other persons for SSI to TSA or the applicable component or agency within DOT or DHS." *Id.* § 1520.7(a), .9(a). We understand that the port is an operator of a maritime facility required to have a security plan under the MTSA. *See* 46 U.S.C. § 70103(c); 33 C.F.R. § 105.400 (requiring owner or operator of maritime facility to submit security plan to DHS).

We also understand that the requested information contains SSI and that the request has been referred to the Coast Guard. Based upon the above described statutory and regulatory scheme, we thus conclude that the decision to release or withhold the requested information is not for this office or the port to make, but rather is a decision for the TSA and the Coast Guard. *See English*, 496 U.S. at 79 (state law is preempted to extent it actually conflicts with federal law). Consequently, we conclude the port may not release any of the requested information at this time under the Act, and instead must allow the TSA and the Coast Guard to make a determination concerning disclosure of the information at issue.

This letter ruling is limited to the particular records at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other records or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For example, governmental bodies are prohibited from asking the attorney general to reconsider this ruling. Gov't Code § 552.301(f). If the

Mr. Erik A. Eriksson - Page 4

governmental body wants to challenge this ruling, the governmental body must appeal by filing suit in Travis County within 30 calendar days. *Id.* § 552.324(b). In order to get the full benefit of such an appeal, the governmental body must file suit within 10 calendar days. *Id.* § 552.353(b)(3), (c). If the governmental body does not appeal this ruling and the governmental body does not comply with it, then both the requestor and the attorney general have the right to file suit against the governmental body to enforce this ruling. *Id.* § 552.321(a).

If this ruling requires the governmental body to release all or part of the requested information, the governmental body is responsible for taking the next step. Based on the statute, the attorney general expects that, upon receiving this ruling, the governmental body will either release the public records promptly pursuant to section 552.221(a) of the Government Code or file a lawsuit challenging this ruling pursuant to section 552.324 of the Government Code. If the governmental body fails to do one of these things, then the requestor should report that failure to the attorney general's Open Government Hotline, toll free, at (877) 673-6839. The requestor may also file a complaint with the district or county attorney. *Id.* § 552.3215(e).

If this ruling requires or permits the governmental body to withhold all or some of the requested information, the requestor can appeal that decision by suing the governmental body. *Id.* § 552.321(a); *Texas Dep't of Pub. Safety v. Gilbreath,* 842 S.W.2d 408, 411 (Tex. App.—Austin 1992, no writ).

Please remember that under the Act the release of information triggers certain procedures for costs and charges to the requestor. If records are released in compliance with this ruling, be sure that all charges for the information are at or below the legal amounts. Questions or complaints about over-charging must be directed to Hadassah Schloss at the Office of the Attorney General at (512) 475-2497.

If the governmental body, the requestor, or any other person has questions or comments about this ruling, they may contact our office. Although there is no statutory deadline for contacting us, the attorney general prefers to receive any comments within 10 calendar days of the date of this ruling.

Sincerely,

Jonathan Miles
Assistant Attorney General
Open Records Division

JM/jh

Mr. Erik A. Eriksson - Page 5

Ref:  ID# 292267

c:  Ms. K. Wright
    910 South Utah Street
    LaPorte, Texas 77571

    Mr. James T. Brown
    Attorney for Houston Pilots
    Legge, Farrow, Kimmitt, McGrath, & Brown
    6363 Woodway, Suite 400
    Houston, Texas 77057

    Capt. Robert Thompson
    Houston Pilots
    8150 South Loop East
    Houston, Texas 77017-1747